```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**UNITED STATES OF AMERICA,**

       **Plaintiff,**

**v.**                      **Crim. Action No.: 1:20-CR-74-9**
                                              **(Judge Kleeh)**

**FRANCISCO CHANES,**

       **Defendant.**

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION CONCERNING PLEA OF GUILTY IN FELONY CASE [ECF NO. 999], ACCEPTING GUILTY PLEA, AND SCHEDULING SENTENCING HEARING**

On January 19, 2022, the Defendant, Francisco Chanes ("Chanes"), appeared before United States Magistrate Judge Michael J. Aloi and moved for permission to enter a plea of **GUILTY**, without a written plea agreement, to Count One and Count Thirty-Five of the Indictment, charging him in Count One with Conspiracy to Distribute Controlled Substances, in violation of Title 21, U.S.C. §§ 841(a)(1), 841(b)(1)(c), and 846, and charging him in Count Thirty-Five with Unlawful Use of a Communication Facility, in violation of Title 21, U.S.C. §§ 843(b) and 843(d)(1). Chanes stated that he understood that the magistrate judge is not a United States District Judge, and Chanes consented to pleading before the magistrate judge.

This Court referred Chanes's plea of guilty to the magistrate judge for the purpose of administering the allocution, pursuant to

**USA v. CHANES**                                                1:20-CR-74

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION CONCERNING PLEA OF GUILTY IN FELONY CASE [ECF NO. 999], ACCEPTING GUILTY PLEA, AND SCHEDULING SENTENCING HEARING**

Federal Rule of Criminal Procedure 11, making a finding as to whether the plea was knowingly and voluntarily entered, and recommending to this Court whether the plea should be accepted.

Based upon Chanes's statements during the plea hearing, and the Government's proffer establishing that an independent factual basis for the plea existed, the magistrate judge found that Chanes was competent to enter a plea, that the plea was freely and voluntarily given, that Chanes understood the charges against him and the consequences of his plea, and that a factual basis existed for the tendered plea. The magistrate judge issued a *Report and Recommendation Concerning Plea of Guilty in Felony Case* ("R&R") [ECF No. 999] finding a factual basis for the plea and recommending that this Court accept Chanes's plea of guilty to Count One and Count Thirty-Five of the Indictment.

The magistrate judge **remanded** Chanes to the custody of the United States Marshals Service.

The magistrate judge also directed the parties to file any written objections to the R&R within fourteen (14) days after service of the R&R. He further advised that failure to file objections would result in a waiver of the right to appeal from a

**USA v. CHANES** 1:20-CR-74

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION CONCERNING PLEA OF GUILTY IN FELONY CASE [ECF NO. 999], ACCEPTING GUILTY PLEA, AND SCHEDULING SENTENCING HEARING**

judgment of this Court based on the R&R. Neither Chanes nor the Government filed objections to the R&R.

Accordingly, this Court **ADOPTS** the magistrate judge's R&R [ECF No. 999], provisionally **ACCEPTS** Chanes's guilty plea, and **ADJUDGES** him **GUILTY** of the crimes charged in Count One and Count Thirty-Five of the Indictment.

Pursuant to Fed. R. Crim. P. 11(c)(3) and U.S.S.G. § 6B1.1(c), the Court **DEFERS** acceptance of the proposed plea until it has received and reviewed the presentence investigation report prepared in this matter.

Pursuant to U.S.S.G. § 6A1 et seq., the Court **ORDERS** the following:

1. The Probation Officer shall undertake a presentence investigation of Chanes, and prepare a presentence investigation report for the Court;

2. The Government and Chanes shall each provide their narrative descriptions of the offense to the Probation Officer by **February 15, 2022;**

3. The presentence investigation report shall be disclosed to Chanes, his counsel, and the Government on or before **April 1, 2022;** however, the Probation Officer shall not disclose any

3

**USA v. CHANES**                                              **1:20-CR-74**

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION CONCERNING PLEA OF GUILTY IN FELONY CASE [ECF NO. 999], ACCEPTING GUILTY PLEA, AND SCHEDULING SENTENCING HEARING**

sentencing recommendations made pursuant to Fed. R. Crim. P. 32(e)(3);

4. Counsel may file written objections to the presentence investigation report on or before **April 15, 2022**;

5. The Office of Probation shall submit the presentence investigation report with addendum to the Court on or before **May 13, 2022**; and

6. Counsel may file any written sentencing memoranda or statements and motions for departure from the Sentencing Guidelines, including the factual basis for the same, on or before **May 18, 2022**.

The Court further **ORDERS** that prior to sentencing, Chanes's counsel shall review with him the revised Standard Probation and Supervised Release Conditions adopted by this Court on November 29, 2016, pursuant to the standing order entered by Chief Judge Groh, <u>In Re: Revised Standard Probation and Supervised Release Conditions</u>, 3:16-MC-56.

The Court will conduct the **Sentencing Hearing** for Chanes on **June 1, 2022**, at **2:00 p.m.**, at the **Clarksburg, West Virginia**, point of holding court. If counsel anticipates having multiple witnesses or an otherwise lengthy sentencing hearing, please notify the

4

USA v. CHANES                                                    1:20-CR-74

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION CONCERNING PLEA OF GUILTY IN FELONY CASE [ECF NO. 999], ACCEPTING GUILTY PLEA, AND SCHEDULING SENTENCING HEARING**

Judge's chamber staff so that an adequate amount of time can be scheduled.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to counsel of record and all appropriate agencies.

DATED: February 8, 2022

/s/ Thomas S. Kleeh
THOMAS S. KLEEH
UNITED STATES DISTRICT JUDGE

5